# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RUSSELL B. SCHAMING, | ) | |
| --- | --- | --- |
| Plaintiff | ) | C.A. No. 15-42 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| DEPUTY ZIETWIEL, et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter

### I.  INTRODUCTION

On January 30, 2015, the Clerk of Courts received a *pro se* civil rights complaint from Plaintiff Russell B. Schaming; however, the Complaint was not accompanied by either the required filing fee or a motion to proceed *in forma pauperis*. As a result, this Court issued a Show Cause Order, dated February 18, 2015, directing Plaintiff to either pay the filing fee of $400.00 to the Clerk of Courts or file a motion to proceed *in forma pauperis,* on or before March 9, 2015, or suffer dismissal of this case for failure to prosecute. [ECF No. 2]. To date, Plaintiff has failed to comply with this Court's Order.

### II.  DISCUSSION

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4)

whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, the Court Finds that dismissal of this case is warranted. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with an order of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claims are impossible to determine at this early stage of the proceedings.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RUSSELL B. SCHAMING, | ) | |
|---|---|---|
| Plaintiff | ) | C.A. No. 15-42 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| DEPUTY ZIETWIEL, et al., | ) | |
| Defendants. | ) | |

# ORDER

AND NOW, this 2nd of April, 2015,

IT IS HEREBY ORDERED that this case is dismissed for Plaintiff's failure to prosecute.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge